Kennon, J.
The case was originally brought by Philip Ford, in. the court of common pleas of Hancock, against Parker, to recover seventy-five dollars, the value of bank-notes.
The petition stated that Parker was postmaster at Findlay, in Hancock county; that the plaintiff had inclosed in a letter seventy-five dollars, directed the letter to John Ford, Findlay, Ohio, and mailed the same at Pickerington, Ohio; that the letter was received at the post-office at Findlay, on the 14th of August, 1853; that John Ford called at the post-office soon after the day of the receipt of said letter at the office, and demanded said letter containing said money, but the same was not delivered to him; that the money belonged to the plaintiff, and that, by the negligence and carelessness of the said Parker, the said plaintiff lost the seventy-five dollars. The defendant pleaded that he had no knowledge of the letter, and that it was not lost through his negligence.
On the trial of the case in the district court, the plaintiff offered to prove certain matters, which, being objected to by the defendant, the court sustained the objections and ruled out the testimony; and the plaintiff having rested his case, on motion, of the defendant, it was ordered that the plaintiff become nonsuit, and judgment was-rendered against him for costs.
*A bill of exceptions was taken to the rulings of the court, from which it appears that the testimony of the plaintiff tended to prove, that the letter containing the $75 was duly mailed at the-post-office at Pickerington, in Fairfield county, directed to John Ford, “Findlay, Ohio;” that the letter reached the post-office at Findlay, and was lost; that John Ford, to whom the same was directed, called once a week for mail-matter at the post-office at Findlay, but did not receive the letter; and that the money belonged to the plaintiff at the time of the loss.
The plaintiff asked a witness on the stand in what manner the post-office at Findlay was kept at the time of the loss; which question was objected to by the defendant’s counsel, and the objection *582 sustained by the court. The plaintiff then offered to prove that the post-office, at the time of the loss, was kept in’a variety store, without any separation between the letter-boxes and the goods on the shelves, and that all the clerks and the servants in said store bad free and unobstructed access to' the letters and mail-matter in the office; which being objected to by the defendant’s counsel, the objection was sustained by the court, and the evidence not permitted to go to the jury.
Other questions were also asked, objected to, and the objections, sustained.
The real question in the case was, whether the money was lost through the carelessness and negligence of the post-office. The testimony tended to prove every other fact in the case necessary to-the plaintiff’s right of recovery. Indeed, the answer put in issue no other fact. It was denied by the answer that the letter was lost by the negligence of the defendant, and it was also denied that the defendant had any knowledge of the letter; but all other facts in the petition were admitted to be true by not being denied.
The testimony tended to prove that the letter was lost, and lost, after it reached the-post-office kept by the defendant. Was it lost by his carelessness Or negligence? We do not say that the *mere loss, under such circumstances, was evidence of the negligence of the defendant, sufficient to throw the burden of proof on him that it was not lost by his negligence; but we are of opinion that the plaintiff ought to have been permitted to prove how the office was kept, its exposed position, and the probability arising therefrom that the loss was the consequence of such exposure. Now, if the postmaster had kept his office in the street, or left it open at nights in his absence, and the mail-matter in the office had become l'ost, it might reasonably be inferred that the loss was caused by such exposure. At any rate, it was proper for the jury to know how the office was kept; whether carefully or negligently; whether it was open and free of access to strangers, or otherwise. And the jury should have been permitted to determine the fact, whether the exposed situation of the letter-boxes was, or was not, the cause of the loss of the letter.
We think the district court erred in ruling out the testimony. But it is claimed by defendant, that neither the common pleas nor district court had jurisdiction of the case, because the original claim was within the jurisdiction of a justice of the peace, being *583 only $75. The statute provides that justices of the peace shall not have jurisdiction of actions against justices of the peace, or other officers, for misconduct in office. This was án action against a postmaster for misconduct in office, and we think the language of the statute includes postmasters, and that therefore the action was properly brought in the court of common pleas.
Upon the whole the judgment of the district court is reversed, and the cause remanded to that court for further proceedings.